# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 13, 2009

No. 08-11149
Summary Calendar

Charles R. Fulbruge III
Clerk

BNSF RAILWAY COMPANY

Plaintiff-Appellee

BROTHERHOOD OF LOCOMOTIVE ENGINEERS & TRAINMEN

Intervenor

v.

UNITED TRANSPORTATION UNION

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CV-274

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

United Transportation Union ("UTU") appeals from the district court's grant of summary judgment in favor of BNSF Railway Co. ("BNSF"). For the reasons set forth below, we affirm.

## FACTS AND PROCEEDINGS

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This dispute arises out of contracts entered into by BNSF with two unions. The material facts are not in dispute. BNSF is an interstate railroad carrier. As part of its operations, BNSF employs engineers and ground-service personnel. UTU is the exclusive bargaining representative for BNSF ground-service employees while BNSF engineers are represented by the Brotherhood of Locomotive Engineers and Trainmen ("BLET"). In 2002 and 2007, BNSF entered into collective bargaining agreements with UTU and BLET, respectively. All the parties disagree as to the proper interpretation and scope of these agreements, disputing which union's members have the right to perform certain work for BNSF.

In 2007, UTU filed suit against BNSF claiming that the 2007 contract with BLET infringed upon UTU-represented employees' rights to perform duties for BNSF and unilaterally altered the 2002 agreement with UTU in violation of the Railway Labor Act ("RLA"), 45 U.S.C. § 151. BLET intervened, asserting its rights under the 2007 contract and seeking to enjoin UTU from interfering with that agreement. All parties moved for summary judgment. The district court agreed with BNSF that the case could be resolved by interpreting the two existing agreements and, as a result, involved a "minor dispute," making the case subject to mandatory arbitration under the RLA. Accordingly, the district court granted summary judgment in favor of BNSF. UTU appeals. BLET intervenes to clarify its position with respect to its agreement with BNSF.

## STANDARD OF REVIEW

A district court's grant of summary judgment is reviewed *de novo*. *See Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 332 (5th Cir. 2005). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Questions of whether a dispute is "minor" or "major"

under the RLA are legal in nature and therefore subject to de novo review. *See, e.g., Gen. Comm. of Adjustment, United Transp. Union, W. Md. Ry. Co. v. CSX R.R. Corp.*, 893 F.2d 584, 589 (3rd Cir. 1990); *Int'l Ass'n. of Machinists, Dist. Lodge No. 19 v. Soo Line R.R. Co.*, 850 F.2d 368, 374 (8th Cir. 1988) (en banc); *Bhd. of Locomotive Eng'rs v. Burlington N. R.R. Co.*, 838 F.2d 1087, 1089 (9th Cir. 1988).

## DISCUSSION

The RLA was enacted "to provide a machinery to prevent strikes." *Texas & N.O.R. Co. v. Bhd. of Ry. & S.S. Clerks*, 281 U.S. 548, 565 (1930) (quotation marks omitted). Under the act, there a "two distinct procedures to promote the resolution of labor disputes." *Bhd. of Ry. Carmen v. Atchison, Topeka & Santa Fe Ry. Co.,* 894 F.2d 1463, 1466 (5th Cir. 1990). "Major" disputes deal with "the formation of collective agreements or efforts to secure them. They arise where there is no such agreement or where it is sought to change the terms of one, and therefore the issue is not whether an existing agreement controls the controversy." *Elgin, J.& E. Ry. Co. v. Burley*, 325 U.S. 711, 723 (1945). By contrast, a dispute is "minor" if it "contemplates the existence of a collective agreement already concluded or, at any rate, a situation in which no effort is made to bring about a formal change in terms or to create a new one. The dispute relates either to the meaning or proper application of a particular provision." *Id.* In essence, "major disputes seek to create contractual rights, minor disputes to enforce them." *Consolidated Rail Corp. v. Ry. Labor Executives' Assn.,* 491 U.S. 299, 302 (1989). If a dispute is major, the RLA has left "settlement entirely to the processes of noncompulsory adjustment." *Burley*, 325 U.S. at 724. A minor dispute is "subject to compulsory and binding arbitration before the National Railroad Adjustment Board" which has "exclusive jurisdiction over minor disputes." *Bhd. of Ry. Carmen,* 894 F.2d at 1467.

UTU asserts that the 2002 agreement with BNSF gave ground-service employees the exclusive right to perform certain duties which BNSF unilaterally attempted to change through its 2007 contract with BLET, delegating the right to perform some of these same duties to the engineers' union. Because UTU interprets the 2007 contract as an attempt to change an existing collective bargaining agreement, it asserts that this is a "major" dispute. BNSF and BLET offer alternate interpretations of the two contracts and both assert that the dispute is "minor." Both BNSF and BLET argue that the 2002 and 2007 contracts assigned to each union the duties traditionally performed by its members.

UTU's arguments are without merit. The Supreme Court has noted that "[i]f the disputed action of one of the parties can 'arguably' be justified by the existing agreement or . . . if the contention that the labor contract sanctions the disputed action is not 'obviously insubstantial', the controversy is a minor dispute." *Consolidated Rail Corp.,* 491 U.S. at 306–307 (quotation and alterations omitted). Thus, we cannot ignore the alternate, credible interpretation of the contracts offered by BNSF and BLET. Furthermore, UTU, BNSF, and BLET disagree as to the proper scope of their collective bargaining agreements. There is no dispute that these agreements exist and create certain contractual rights. The parties simply disagree as to the scope of these rights and UTU's suit is an attempt to enforce its rights under the 2002 contract. This is the classic "minor" dispute and "within the exclusive province of the National Railroad Adjustment Board." *Id.* (quotation omitted).

## CONCLUSION

The judgment of the district court is AFFIRMED.